UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20269-CR-GAYLES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ASHLEY JACQUET,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This matter was before the Court following on Order of Reference to conduct a proceeding for acceptance of a guilty plea by the Defendant in the case.   The Court having conducted a change of plea hearing on this date, March 30, 2022, it is recommended that the Defendant's change of plea be accepted for the following reasons:

1.    The Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter.   At the outset of the hearing, Defendant was advised of HER right to have these proceedings conducted by the District Judge assigned to the case.   Further, the Defendant was advised that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case.   The Court further advised

the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2.     The Defendant was made aware that She did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge.   The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3.     The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

4.     A written plea agreement was entered into by the parties in this case and filed as Exhibit A to the hearing.   This Court reviewed that agreement on the record and had the Defendant acknowledge that she signed and understood the plea agreement.   The Defendant pleaded guilty to Count 4 of the indictment, charging her with aiding and abetting in the distribution of controlled substances, in violation of Title 21, United States Code, 841. The government agreed to seek dismissal of the remaining counts against this Defendant at sentencing.

5.     The government stated on the record a factual basis for the entry of the plea that included all of the essential elements of the offense to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable.     Specifically, the Court reviewed with Defendant the

government's factual proffer, filed as Exhibit B to the hearing, to assure that a factual basis existed for the entry of the plea.   The Defendant assented to the accuracy of the proffer and Defendant acknowledged her participation in the offense. The Court also reviewed with Defendant the possible minimum and/or maximum penalties. The Defendant acknowledged that she understood these possible penalties and consequences, including the generally applicable minimum mandatory term of five years imprisonment under Count 4.

6.      Based upon all of the foregoing and the plea colloquy conducted by this Court, it is recommended that the Defendant be found to have freely and voluntarily entered her guilty plea as more particularly described herein and that the Defendant be adjudicated guilty of the offense charged in Count 4.

7.      A pre-sentence investigation is being prepared.   Sentencing shall be set by separate Order and is now scheduled for June 9, 2022, at 9:30 a.m.

ACCORDINGLY, this Court recommends that the Defendant's plea of guilty be accepted, the Defendant be adjudicated guilty as to Count 4 of the indictment to which she has entered her plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.   The parties shall have five (5) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Darrin P. Gayles, United States District Judge.   Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard).   *See* Fed. R. Crim. P. 59(b)(1), (2); *Thomas v. Arn,* 474

U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**DONE AND SUBMITTED** this 30th day of March, 2022, at Miami, Florida.


  */s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge